JULY 10, 1801.

# Sam'l and John Postlethwaits *v.* Thos. Lewis.

*Upon a writ of error to reverse a judgment of the Lexington District Court.*

Where it is suggested in this court that the transcript of proceedings in a suit in the court of quarter sessions, which has been put in evidence on the trial of the cause in the district court, and embodied in the bill of exceptions taken in that court, is imperfect, this court will award the writ of *certiorari* to the clerk of the quarter sessions court, commanding him to send up the omitted part of the record.

The previous question to be decided on this motion is this : Did the certified transcript of the proceedings in a suit in the court of quarter sessions, which was made part of a bill of exceptions in the district court, thereby acquire such verity that it can not now be impugned ? It seems that the bill of exceptions must be taken as conclusive proof that the transcript was given in evidence to the district court, and considered by it to be true and authentic, and consequently that if the court gave judgment contrary to this evidence, it was erroneous. But it seems equally clear that if afterward the transcript was discovered to be imperfect, that any mistake occasioned by the imperfection ought to be rectified. For example, if in this case the district court had ordered a second *certiorari*, and from the return made thereto by the quarter session court, the imperfection had appeared, it would have been the duty of the district court to quash it. If this doctrine is not well founded, then converting an erroneous transcript of a record into a bill of exceptions would give it as great verity as the record itself, and in this important instance, put it out of the power of courts to remedy the ill effects of the inadvertencies of clerks. In short, it seems that a bill of exceptions is only conclusive evidence of the facts which were proven to the court, or of what was done in court, and can not give verity to the transcript of the record more than to a bond, deposition, or any other exhibit. Whereupon came the plaintiffs by their attorney and prayed the court for a writ of *certiorari* to issue, directed to the clerk of the court of quarter sessions of Fayette county, commanding him to send here,

legally certified, the names of the justices who composed the court at the time the common order entered against the defendants in the said court of quarter sessions was confirmed, which was granted them, returnable hereon the sixteenth day of this term.